FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 DEC 15  PM 5: 10

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **ALVIN HANSON** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NO: 04-3185** |
| **O. KENT ANDREWS, WARDEN** | * | **SECTION: "J"(6)** |

## REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge for the purpose of conducting hearings, including an evidentiary hearing, if necessary, and submission of proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), and as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing. For the reasons set forth below, it is recommended that the instant petition be **DISMISSED WITH PREJUDICE** as untimely.

## PROCEDURAL HISTORY

On March 18, 1999, petitioner, Alvin Hanson, a prisoner incarcerated in Allen Correctional Center, pled guilty to simple burglary and possession of stolen property. On that same date, the trial court sentenced petitioner to consecutively-running sentences of twelve

Fee_____
Process_____
X Dktd_____
_ CtRmDep_____
_ Doc. No _____

(12) years in connection with his simple burglary conviction and eight (8) years in connection with his possession of stolen property conviction.[1]  On July 13, 2000, petitioner pled guilty to the multiple bill filed against him by the State.  On that same date, the trial court vacated petitioner's earlier sentences and resentenced him, as a "quad offender", "to serve 20 years in the Department of Corrections at hard labor", with "credit for time served."[2]

Pursuant to petitioner's appeal, the Louisiana Fifth Circuit Court of Appeal, on December 13, 2000, affirmed petitioner's convictions and his adjudication as a fourth-felony offender.  However, the appellate court vacated petitioner's enhanced 20-year sentence, remanding the matter to the trial court based upon the following reasoning:

> [B]efore imposing the enhanced sentence, the trial judge vacated the entire original 20 year imprisonment sentence which was imposed on the two convictions. This action vacated both the 12 and 8 year consecutive sentences. The trial judge then imposed a single enhanced sentence of 20 years imprisonment at hard labor, basing it on count 1, simple burglary. However, the Defendant is no longer sentenced on count 2.  In order to remedy this patent error, we must vacate the enhanced sentence of count 1 and remand the case for the trial judge to resentence Defendant....

State v. Hanson, 778 So.2d 43, 45 (La. App. 5 Cir. 2000).  In accordance with the Louisiana Fifth Circuit's remand, the trial court, on January 29, 2001, resentenced petitioner to 20 years imprisonment with respect to count 1, his simple burglary conviction, and 8 years

---

[1] See State rec., vol. 2 of 6, March 18, 1999 guilty plea and sentencing transcript.

[2] See State rec., vol. 4 of 6, July 13, 2000 multiple bill transcript at p. 5, lines 27-32 and p. 6, line 1.

imprisonment with respect to count 2, his possession of stolen property conviction, with said sentences to run concurrently.[3]  At that point, petitioner had five days within which to file a motion for an appeal in connection with the trial court's resentencing.  See La. Code Crim. P. art. 914.[4]  Petitioner, however, made no effort to seek a direct appeal.  As such, petitioner's convictions and sentences were rendered final on or about February 3, 2001, after the five days available to lodge an appeal expired.  See State v. Counterman, 475 So.2d 336, 338 (La. 1985).

On or about March 1, 2001, petitioner filed the first of two applications for state post-conviction relief.[5]  On March 8, 2001, the state district court denied petitioner's post-conviction application.  On March 29, 2001, the Louisiana Fifth Circuit Court of Appeal likewise denied petitioner post-conviction relief, finding "no error in the trial court's ruling of March 8, 2001 on relator's Application for Post Conviction Relief."[6]  On January 25,

---

[3]See State rec., vol. 2 of 6, copy of court minutes for January 29, 2001.

[4]In 2003, Article 914 was amended to provide that a motion for an appeal must be filed within thirty (30) days after judgment has been rendered.  However, in 2001, when the trial court, issuing its final judgment, resentenced petitioner, the time limit was five (5) days.

[5]March 1, 2001 is the filing date of petitioner's first post-conviction application as represented by the state district court in its adjudication of petitioner's application.  A copy of the trial court's Order is contained in the State rec., vol. 2 of 6.

[6]A copy of the appellate court's Order denying petitioner post-conviction relief is contained in the State rec., vol. 6 of 6.

2002, the Louisiana Supreme Court denied petitioner's writ application.  State ex rel. Hanson v. State, 807 So.2d 244 (La. 2002).

Petitioner filed his second state post-conviction application on May 3, 2002.[7] On May 24, 2002, the state district court issued an Order finding that "defendant is not entitled to the relief sought."[8]  On September 29, 2003, the Louisiana Fifth Circuit Court of Appeal likewise denied petitioner post-conviction relief, finding "no error in the trial court's ruling of May 24, 2002, on relator's Application for Post-Conviction Relief."[9]  Finally, on October 8, 2004, the Louisiana Supreme Court denied petitioner's writ application.  State ex rel. Hanson v. State, 883 So.2d 1030 (La. 2004).  Over one month later, on November 17, 17, 2004, petitioner filed the instant federal habeas corpus application.

**ANALYSIS**

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a petitioner has one year within which to bring his habeas corpus claims pursuant to 28 U.S.C. § 2254, with this one year period commencing to run from "the latest of" either the date the petitioner's state judgment became final or the expiration of his time for seeking

---

[7]May 3, 2002 is the filing date of petitioner's second post-conviction application as represented by the state district court in its adjudication of petitioner's application.  A copy of the district court's Order is contained in the State rec., vol. 6 of 6.

[8]See State rec., vol. 6 of 6.

[9]Copies of the state appellate court's ruling are contained in the State rec., vols. 2 and 6 of 6.

review.[10]   See 28 U.S.C. § 2244(d)(1) (West 2005), as amended by the AEDPA, P.L. 104-132, 110 Stat. 1220.   In this case, because petitioner's time for seeking review expired February 3, 2001, his one-year limitation period commenced running on that date, giving him until approximately February 3, 2002, to timely seek habeas corpus relief.

As noted above, petitioner filed the instant action on November 17, 2004.[11] Thus, petitioner's federal habeas corpus application must be dismissed as untimely unless the one-year statute of limitations period was interrupted as set forth in 28 U.S.C. § 2244(d)(2). Under that statutory provision, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

---

[10]The AEDPA applies to this case as it was filed after the enactment of the AEDPA, or after April 24, 1996.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2060, 138 L.Ed.2d 481 (1997).

[11]This November 17, 2004 filing date was ascertained via the court's use of the "mailbox rule." Under this rule, a pleading filed by a prisoner acting pro se is considered to be filed for prescriptive purposes on the date it is delivered to prison officials for mailing, rather than the date it is received by the court.  Cooper v. Brookshire, 70 F.3d 377, 379 (5th Cir. 1995).  In the absence of evidence regarding when the pertinent pleading was delivered to prison officials for mailing, the date a prisoner signs his petition, in this case, November 17, 2004, is generally presumed to be the date he delivered it to prison officials for mailing.  See Colarte v. Leblanc, 40 F.Supp.2d 816, 817 (E.D. La. 1999) (assumed that petitioner turned his habeas corpus application over to prison officials for delivery to this court on the date he signed his application); Magee v. Cain, 2000 WL 1023423, *4 n.2 (E.D. La. 2000) (inferred that filing date and signature date of habeas petition were the same); Punch v. State, 1999 WL 562729, *2 n.3 (E.D. La. 1999) (may reasonably be inferred that prisoner delivered habeas petition to prison officials for mailing on date he signed petition).

Petitioner commenced his first post-conviction proceeding in the state court system on or about March 1, 2001, when he filed his first post-conviction petition with the state district court. The State concedes that the filing of this initial post-conviction action suspended the running of prescription and that, as a result of petitioner's timely writ applications at the state appellate and supreme court levels, prescription remained suspended until the matter came to an end on January 25, 2002, when the Louisiana Supreme Court denied petitioner relief. See Hanson, 807 So.2d 244.[12]

Following the Louisiana Supreme Court's January 25, 2002 decision, prescription commenced to run and continued running for approximately 98 days until, on May 3, 2002, petitioner filed a second post-conviction application with the state district court. In contrast with his first post-conviction proceeding, petitioner did not, following the district court's May 24, 2002 adverse decision with respect to his second post-conviction application, timely file a writ application with the Louisiana Fifth Circuit Court of Appeal. Under Louisiana law, petitioner had thirty (30) days within which to seek supervisory review of the district court's May 24, 2002 Order. See Louisiana Court of Appeal Rule 4-3. After the 30-day deadline expired, petitioner waited approximately 446 days before filing with the Louisiana Fifth Circuit Court of Appeal his "Application and Memorandum in Support of

---

[12]See Federal rec., doc. 5, State's Response at p. 8.

Application for Supervisory Writs".[13]  Under <u>Melancon v. Kaylo</u>, 259 F.3d 401 (5th Cir. 2001), petitioner's habeas application was considered "pending" for tolling purposes for 30 days, but the additional 446 days counts against his federal limitations period.  <u>Id.</u> at 407.

Following the Louisiana Fifth Circuit's September 29, 2003 adverse decision, petitioner allowed no additional prescription days to expire while his second post-conviction application proceeded through the state court system.  However, following the October 8, 2004 denial of his writ application by the Louisiana Supreme Court, <u>Hanson</u>, 883 So.2d 1030,  prescription again commenced to run and another 40 days passed before petitioner filed his federal habeas proceeding with this court on November 17, 2004.

A review of the above-delineated dates reflects that petitioner waited approximately 584 days, long past the expiration of the AEDPA's 365-day prescriptive deadline, before filing the instant action.  Accordingly, the instant petition must be dismissed as untimely by this court.[14]

---

[13]A copy of petitioner's writ application to the Louisiana Fifth Circuit is contained in the State rec., vol. 6 of 6.

[14]Additionally, the court has reviewed the record and found no basis for equitable tolling of the one year limitations period.  The Fifth Circuit has held that the AEDPA's one-year period of limitations may be equitably tolled, but only in exceptional circumstances.  <u>Davis v. Johnson</u>, 158 F.3d 806, 810 (5th Cir. 1998), <u>cert. denied</u>, 526 U.S. 1074, 119 S.Ct. 1474, 143 L. Ed.2d 558 (1999).  Since <u>Davis</u>, the Fifth Circuit has made it clear that a pro se prisoner's ignorance or misinterpretation of applicable law does not constitute "exceptional circumstances" for the purpose of equitably tolling the AEDPA's one-year statute of limitations.  <u>See</u> <u>Felder v. Johnson</u>, 204 F.3d 168, 171-73 (5th Cir. 2000).  "'Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.'"

## RECOMMENDATION

It is hereby **RECOMMENDED** that the application for federal habeas corpus relief filed on behalf of petitioner, Alvin Hanson, be **DENIED WITH PREJUDICE** as untimely.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this _15th_ day of _December_, 2005.

LOUIS MOORE, JR.
United States Magistrate Judge

---

Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999), cert. denied, 529 U.S. 1057, 120 S.Ct. 1564, 146 L.Ed.2d 467 (2000), quoting Rashidi v. American President Lines, 96 F.3d 124, 128 (5th Cir. 1996).